IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DASHAWN C. COLEMAN, | ) | |
| Plaintiff | ) | C.A. No. 04-340 Erie |
| | ) | |
| v. | ) | **District Judge McLaughlin** |
| | ) | **Magistrate Judge Baxter** |
| MARILYN S. BROOKS, et al., | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I   RECOMMENDATION**

It is respectfully recommended that the instant civil rights action be dismissed for plaintiff's failure to prosecute.

**II   REPORT**

Plaintiff Dashawn Coleman, an inmate at the State Correctional Institution at Albion, Pennsylvania, filed this civil rights action on November 26, 2004, along with a motion to proceed *in forma pauperis*. By Order dated August 26, 2004, Plaintiff's motion for *in forma pauperis* status was granted and he was ordered to pay the initial filing fee of $ 1.67.

By Order of this Court dated November 29, 2005, Plaintiff was directed to file a legible amended complaint, and to either to pay the filing fee or return the signed authorization to withdraw funds from Plaintiff's inmate account, on or before December 15, 2005, or suffer dismissal of this case. [Document # 10]. To date, Plaintiff has done nothing to comply with this Order.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by

the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense.  Id. at 868.  Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted.  Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter.  Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case.  Further, Plaintiff has failed to comply with an order of this Court.  Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims.  Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties.  Although Plaintiff's allegations may state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

**III     CONCLUSION**

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  No extensions of time will be granted. Failure to timely file objections may constitute a waiver of any appellate rights.

S/Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated: January 13, 2006

cc: The Honorable Sean J. McLaughlin
United States District Judge

Case 1:04-cv-00340-SJM-SPB    Document 11    Filed 01/13/2006    Page 3 of 3

cc: The Honorable Sean J. McLaughlin
United States District Judge